IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VISE AH CHEUNG, JR., #A1029843, | ) | CIV. NO. 17-00257 DKW-KSC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | AND DENYING MOTION FOR |
| vs. | ) | APPOINTMENT OF COUNSEL |
| | ) | |
| STATE OF HAWAII, DEP'T OF | ) | |
| PUBLIC SAFETY, OCCC, FRANCIS | ) | |
| X. SEQUEIRA, JOHN T. FRAUENS, | ) | |
| JOHN ESTABILLIO, | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |

## ORDER DISMISSING COMPLAINT AND DENYING MOTION FOR APPOINTMENT OF COUNSEL

Before the court is pro se Plaintiff Vise Ah Cheung, Jr.'s prisoner civil rights Complaint and Motion for Appointment of Counsel.   ECF Nos. 1, 2.   Ah Cheung alleges that Defendants violated his constitutional rights by failing to prevent his "slip and fall" accident and thereafter providing him inadequate medical care.   Ah Cheung's Complaint is DISMISSED with leave granted to amend and his Motion to Appoint Counsel is DENIED.

## I.   BACKGROUND

Ah Cheung is a pre-trial detainee who has been confined in Module 19 of the Oahu Community Correctional Center ("OCCC") since November 16, 2016. He is proceeding in forma pauperis.   ECF No. 7.   Ah Cheung states that Module

19's roof is dilapidated and "leaks all over the place" when it rains.    Compl., ECF No. 1, PageID #2.    On January 6, 2017, Ah Cheung slipped and fell in a puddle of water that formed on Module 19's floor during a rain storm, injuring his left shoulder.    *Id.*, PageID #7 (Count III).    Ah Cheung alleges Defendant OCCC Warden Francis Sequeira and Adult Correctional Officer ("ACO") John Estabillio violated the Eighth Amendment by failing to place "wet floor" signs near the puddle or otherwise prevent his fall.    *Id.*, PageId #6-7 (Counts II, III).

Ah Cheung reported his injury the next day, January 7, 2017, and was immediately taken to the OCCC medical unit, which transferred him to Straub Medical Center for evaluation.    He returned to OCCC that day, where he was seen by Defendant John T. Frauens, M.D., a DPS orthopedic surgeon.    Dr. Frauens immobilized Ah Cheung's left shoulder with a sling, and recommended he begin "ROM" (range of motion) exercises in two to three weeks.    *Id.*, PageID #7.

On January 13, 2017, Ah Cheung met again with Dr. Frauens.    He told Dr. Frauens that he was still in pain and requested surgery.    Dr. Frauens replied that Ah Cheung's shoulder ligaments were torn, but opined that surgery was unnecessary.    Ah Cheung requested a second opinion.    Ah Cheung had surgery on his shoulder on February 2, 2017, and states that a second surgery may be

necessary.  *See id.*, PageID #2, 5 (Count I).   Ah Cheung alleges that Dr. Frauens' actions violated the Eighth Amendment.

## II.  <u>SCREENING</u>

Federal courts must screen all cases in which prisoners seek redress from a governmental entity, officer, or employee, or seek to proceed without prepayment of the civil filing fees.   *See* 28 U.S.C. §§ 1915(b)(2) and 1915A(a).   The court must identify cognizable claims and dismiss those claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.   *Id.* at §§ 1915(b)(2) and 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Moreover, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.   *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Pro se prisoners' pleadings must be liberally construed and given the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). A plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (per curiam) (citation omitted). Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's defects. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## III.   DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation

omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

## A.  Immunities and Official Capacity Claims

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).   Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law."   *Oyama v. Univ. of Haw*., 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (*quoting Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc*., 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *Ex parte Young*, 209 U.S. 123 (1908).

Moreover, claims under § 1983 must be directed at "persons," and neither a jail nor a prison facility is a "person" amenable to suit under § 1983.   *See Allison v. Cal. Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (finding that San Quentin Prison is not a "person" subject to suit under § 1983); *cf. Brown v. Cal. Dep't of*

*Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (holding California Department of Corrections and Board of Prison Terms are entitled to Eleventh Amendment immunity).

Ah Cheung seeks compensatory and punitive damages only. His claims against the State of Hawaii, Department of Public Safety, OCCC, and Dr. Frauens and ACO Estabillio in their official capacities, are DISMISSED with prejudice.

**B.     Slip and Fall Claims**

The Eighth Amendment's prohibition of cruel and unusual punishment requires prison officials to take reasonable measures for the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. *Id.* at 834. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citation omitted).

Federal courts have repeatedly rejected Eighth Amendment slip and fall claims. *See Oubichon v. Carey*, 2017 WL 2162940, at *8 (E.D. Cal. May 17, 2017) (citing *Coleman v. Sweetin*, 745 F.3d 756, 764 & n.7 (5th Cir. 2014)

(collecting cases); *Pyles v. Fahim*, 771 F.3d 403, 410 & n.25 (7th Cir. 2014)

(collecting cases) ("Federal courts consistently have adopted the view that slippery

surfaces and shower floors in prisons, without more, cannot constitute a hazardous

condition of confinement.")). "Simply put, a slip and fall, without more, does not

amount to cruel and unusual punishment. . . . Remedy for this type of injury, if

any, must be sought in state court under traditional tort law principles." *Reynolds*

*v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (internal quotations, brackets and

citation omitted).

The Ninth Circuit Court of Appeals has stated that claims regarding

"slippery prison floors . . . do not state even an arguable claim for cruel and

unusual punishment." *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989),

*superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122,

1130 (9th Cir. 2000); *see also La Cruz v. Gipson*, 2016 WL 5791474, at *5 (E.D.

Cal. Oct. 4, 2016) (dismissing claim alleging prisoner was made to walk through a

puddle, causing him to injure his back, arm, shoulder, and head); *Aaronian v.*

*Fresno Cty. Jail*, 2010 WL 5232969, at *2-*3 (E.D. Cal. 2010) (dismissing § 1983

claim that plumbing leak caused puddle, resulting in plaintiff's slip and fall, as not

cognizable); *Gilman v. Woodford*, 2008 WL 686740, at *1 (9th Cir. Mar. 12, 2008)

(dismissing inmate's complaint alleging Eighth Amendment violation based on

leaky roof and slippery floors). *But cf. Frost v. Agnos*, 152 F.3d 1124, 1128–29 (9th Cir. 1998) (disabled inmate on crutches who frequently fell on slippery shower floors created a triable issue on whether the conditions of his confinement violated the Eighth Amendment).

Ah Cheung's Eighth Amendment claim based on his slip and fall fails as a matter of law. He alleges no exacerbating conditions that elevate this simple negligence claim to a constitutional violation. This claim amounts to "mere negligence," which is insufficient to establish deliberate indifference, and it is DISMISSED with leave to amend. *Farmer*, 511 U.S. at 835.

## C.  Inadequate Medical Care Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference is shown

by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citing *McGuckin*, 974 F.2d at 1060). To state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health." *Farmer*, 511 U.S. at 837.

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. Cty. of Kern,* 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin*, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v.*

*McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986).    A prisoner's disagreement with a physician's diagnosis or treatment does not support a claim of deliberate indifference.    *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Ah Cheung was taken to the OCCC medical unit immediately upon reporting his injury and was then taken to Straub Medical Center for evaluation. Upon his release, Ah Cheung was returned to OCCC, where Dr. Frauens treated his injury.    Dr. Frauens diagnosed torn ligaments, recommended that Ah Cheung immobilize his shoulder for two weeks, and then begin ROM exercises.    Six days later, Ah Cheung saw Dr. Frauens because he was still in pain and wanted surgery.  Dr. Frauens opined that surgery was not required.    Nonetheless, Ah Cheung was later approved for surgery, which occurred ten days later, on February 2, 2017. These facts do not support a claim that Dr. Frauens or any other prison official or medical provider was deliberately indifferent to Ah Cheung's serious medical need.  This claim is DISMISSED with leave to amend.

## IV.    28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 ("PLRA") restricts prisoners' ability to proceed in forma pauperis ("IFP") when filing certain federal lawsuits. Title 28, United States Code § 1915(g) provides a "three-strikes" rule that bars

prisoners from proceeding IFP if they have accrued "three strikes" under the

statute:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has, on
> 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States that
> was dismissed on the grounds that it is frivolous, malicious, or fails to
> state a claim upon which relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.

Ah Cheung is notified that if he fails to amend his Complaint's deficiencies,

he will likely incur a strike.

## V.  CONCLUSION

(1) The Complaint is DISMISSED for failure to state a claim pursuant to 28

U.S.C. §§ 1915(e)(1) and 1915A(a).    Specifically, claims against (1) the State of

Hawaii, the Department of Public Safety, the Oahu Community Correctional

Center, and Defendants Dr. John T. Frauens and ACO John Estabillio in their

official capacities are DISMISSED with prejudice; and (2) Dr. Frauens and

Estabillio in their individual capacities are DISMISSED with leave to amend.

(2) Ah Cheung is DIRECTED to file an amended complaint on or before

July 28, 2017 that cures the deficiencies discussed above.    Failure to do so will

result in dismissal of this action for failure to state a claim and may result in a

strike pursuant to 28 U.S.C. § 1915(g).

(3) Ah Cheung's Motion for Appointment of Counsel, ECF No. 2, is

DENIED without prejudice.    Because the Complaint has been dismissed and there

are no claims pending before the court, neither the interests of justice nor

exceptional circumstances warrant appointment of counsel.    *See Terrell v.*

*Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (requiring evaluation of plaintiff's

ability to articulate his claims pro se in light of the complexity of the legal issues

involved and the likelihood of success on the merits for appointment of counsel);

*LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

(4) The Clerk is DIRECTED to send Ah Cheung a blank prisoner civil rights

form so that he can comply with the directions of this Order.

IT IS SO ORDERED.

DATED: June 27, 2017 at Honolulu, Hawaii.



Derrick K. Watson
United States District Judge

---

*Vise Ah Cheung, Jr. vs. State of Hawaii, Dep't of Public Safety, et al*;
Civil No. 17-00257 DKW KSC; **ORDER DISMISSING COMPLAINT AND
DENYING MOTION FOR APPOINTMENT OF COUNSEL**

*Ah Cheung v. State*, 1:17-cv-00257 DKW-KSC; Scrng 2017 (8A slip & fall)