IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VISE AH CHEUNG, JR., #A1029843, ) | CIV. NO. 17-00257 DKW-KSC |
| ) | |
| Plaintiff, ) | ORDER DISMISSING FIRST |
| ) | AMENDED COMPLAINT |
| vs. ) | |
| ) | |
| FRANCIS X. SEQUEIRA, JOHN ) | |
| ESTABILLIO, and RICHARD ) | |
| BANNER, ) | |
| ) | |
| Defendants. ) | |

Before the court is pro se Plaintiff Vise Ah Cheung, Jr.'s first amended Prisoner Civil Rights Complaint ("FAC"). ECF No. 9. Ah Cheung alleges that Defendants Francis X. Sequeira and John Estabillio violated his constitutional rights by failing to prevent his "slip and fall" accident and Defendant Richard Banner, M.D., did so by delaying surgery for his injury. He also alleges a Department of Public Safety Deputy Sheriff Agna slapped his injured shoulder outside of the Hawaii circuit court, although Sheriff Agna is not named as a Defendant. For the following reasons, the FAC is DISMISSED with leave granted to amend, as limited below.

# I. PROCEDURAL BACKGROUND

Ah Cheung commenced this action on June 1, 2017, while he was a pretrial detainee at the Oahu Community Correctional Center ("OCCC").

On June 21, 2017, the court granted Ah Cheung's in forma pauperis application. ECF No. 7.

On June 27, 2017, the court dismissed Ah Cheung's original Complaint for failure to state a claim, with leave granted to amend. ECF No. 8.

On July 7, 2017, Ah Cheung filed the FAC. ECF No. 9.

On or about July 12, 2017, Ah Cheung was released from OCCC. *See* ECF No. 10 (notice of change of address).

# II. SCREENING

Federal courts must screen all cases in which prisoners seek redress from a governmental entity, officer, or employee, or seek to proceed without prepayment of the civil filing fees. *See* 28 U.S.C. §§ 1915(b)(2) and 1915A(a). The court must identify cognizable claims and dismiss those claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at §§ 1915(b)(2) and 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual

allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Pro se prisoners' pleadings must be liberally construed and given the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). A plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (per curiam) (citation omitted). Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's defects. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

# III. **DISCUSSION**

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

## A. Official Capacity Claims

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (*quoting Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit

against the official but rather is a suit against the official's office."); *Ex parte Young*, 209 U.S. 123 (1908).

Ah Cheung seeks compensatory and punitive damages only and any claims that he might have for injunctive relief are moot because he has been released from OCCC. Claims against all Defendants named in their official capacities are DISMISSED with prejudice.

**B.     Fourteenth Amendment**:  **Deliberate Indifference**

Ah Cheung alleges Defendants acted with deliberate indifference to his health and safety, violating his rights under the Eighth Amendment. Because Ah Cheung was a pretrial detainee when the incidents at issue occurred, his claims arise under the Fourteenth Amendment's Due Process Clause rather than under the Eighth Amendment's prohibition against cruel and unusual punishment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 831 (2017). Until recently, the Eighth Amendment's standard was applicable to all pretrial detainee claims as the minimum protection afforded under the Fourteenth Amendment. *See Lolli v. Cty. of Orange*, 351 F.3d 410, 419 (9th Cir. 2003) (reasoning that pretrial detainee's claim of deliberate indifference to a serious medical need is analyzed

under the Fourteenth Amendment Due Process Clause rather than under the Eighth Amendment, but same standards apply); *Castro*, 833 F.3d at 1069.

To allege deliberate indifference under the Eighth Amendment requires an objective and subjective showing. First, the risk posed to the prisoner must be objectively, sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (citation omitted). Second, the prison official must subjectively "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "In other words, the official must demonstrate a subjective awareness of the risk of harm." *Castro*, 833 F.3d at 1068 (internal citation omitted). The United States Supreme Court recently rejected the subjective component of this test for pretrial detainees' excessive force claims, however, holding that the "appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473-74 (2015). *Kingsley* holds that, under the Fourteenth Amendment, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 2473.

The Ninth Circuit has since extended *Kingsley*'s rationale to pretrial detainees' failure-to-protect claims, setting forth a "less stringent" standard that eliminates any "subjective intent to punish." *Castro*, 833 F.3d at 1067-68, 1071 &

6

n.4. Under *Castro*, a pretrial detainee alleging a failure-to-protect claim must show that:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1071 & n.4. *Castro* characterized this test as requiring "more than negligence but less than subjective intent -- something akin to reckless disregard." *Id.*

*Castro* did not address whether the new *Kingsley* test applies beyond failure-to-protect claims to *all* pretrial detainee conditions of confinement claims. Only the Second Circuit has extended *Kingsley's* holding to encompass *all* pretrial detainee deliberate indifference conditions-of-confinement claims. *See Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017) (explicitly relying on *Castro*, and interpreting *Kingsley* as "standing for the proposition that deliberate indifference for due process purposes should be measured by an objective standard"). The

7

remaining circuits have either held that *Kingsley's* objective test applies only to pretrial detainees' excessive force claims,[1] or have declined to address the issue on the facts before them.[2]

**C.    Counts I and II:  Claims Against Sequeira and Estabillio**

Ah Cheung states that the roof in OCCC Module 19 always leaks when it rains.  In fact, signs are sometimes posted there to warn of puddles and wet floors.  On January 6, 2017, Ah Cheung slipped and fell in a puddle of water that collected during a rain storm, injuring his left shoulder.  Ah Cheung alleges Defendants Warden Sequeira and ACO Estabillio failed to post signs alerting inmates to the puddle.  Ah Cheung asserts that Sequeira and Estabillio therefore violated his constitutional rights by failing to prevent his fall.  *See* FAC, ECF No. 9, PageID #41-45 (Counts I and II).

---

[1] *See Dang by & through Dang v. Sheriff, Seminole Cty., Fla.*, 856 F.3d 842, 850 n.1 (11th Cir. 2017) ("[W]e are not persuaded that [*Kingsley's*] holding extends to claims of inadequate medical treatment due to deliberate indifference."); *Alderson v. Concordia Par. Corr. Fac.*, 848 F.3d 415, 420 (5th Cir. 2017) (declining to follow *Castro*, stating, "the Fifth Circuit has continued to . . . apply a subjective standard post-*Kingsley*," to pretrial detainees' conditions of confinement claims); *Guy v. Metro. Gov't of Nashville & Davidson Cty.*, — F. App'x —, 2017 WL 1476896, at *3-5 (6th Cir. Apr. 25, 2017) (analyzing pretrial detainee's inadequate medical care under Eighth Amendment subjective standard, while recognizing *Kingsley*'s application to excessive force claims).

[2] *See Collins v. Al-Shami*, 851 F.3d 727, 731 (7th Cir. 2017) ("[W]e have not yet addressed whether [*Kingsley's*] reasoning extends to claims of allegedly inadequate medical care . . . .  We need not (and do not) resolve that issue here, however, as even under the less-demanding standard, Collins's federal claims still cannot succeed."); *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017) (declining to decide *Kingsley's* applicability to pretrial detainees' deliberate indifference claims).

Under either formulation of the deliberate indifference test, Ah Cheung fails to state a claim. Negligent conduct alone does not state a constitutional claim for relief under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 329-30 (1986). Deliberate indifference, whether alleged under the Eighth or Fourteenth Amendment, is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The facts alleged here show a "garden variety tort" of negligence or, at most, gross negligence. *Flowers v. City of New York*, 668 F. Supp. 574, 578 (S.D.N.Y. 2009).

Federal courts have uniformly rejected prisoner's slip and fall claims as insufficient to state a constitutional violation. *See Oubichon v. Carey*, 2017 WL 2162940, at *8 (E.D. Cal. May 17, 2017) (citing *Coleman v. Sweetin*, 745 F.3d 756, 764 & n.7 (5th Cir. 2014) (collecting cases and holding that as a matter of law, "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations," upholding sua sponte dismissal of deliberate indifference claim by inmate who slipped and fell in the shower); *Pyles v. Fahim*, 771 F.3d 403, 410 & n.25 (7th Cir. 2014) (collecting cases) ("Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more,

9

cannot constitute a hazardous condition of confinement.")). "Simply put, a slip and fall, without more, does not amount to cruel and unusual punishment. . . . Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (internal quotations, brackets and citation omitted).

Under the subjective test, "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment." *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (quotation omitted); *see also La Cruz v. Gibson*, 2016 WL 5791474, at *5 (E.D. Cal. Oct. 4, 2016) (dismissing claim alleging prisoner was made to walk through a puddle, causing him to injure his back, arm, shoulder, and head); *Aaronian v. Fresno Cty. Jail*, 2010 WL 5232969, at *2-*3 (E.D. Cal. 2010) (dismissing § 1983 claim that plumbing leak caused puddle, resulting in plaintiff's slip and fall, as not cognizable); *Gilman v. Woodford*, 2008 WL 686740, at *1 (9th Cir. Mar. 12, 2008) (dismissing inmate's complaint alleging Eighth Amendment violation based on leaky roof and slippery floors)*; Edwards v. City of New York*, 2009 WL 2596595, at *3 (S.D.N.Y. Aug. 24, 2009) ("[A]llegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where, as here, the plaintiff also alleges that the individual defendants had notice of the wet condition but failed to address it."). *But cf. Frost v. Agnos*, 152 F.3d 1124,

1128–29 (9th Cir. 1998) (disabled inmate on crutches who frequently fell on slippery shower floors created a triable issue on whether the conditions of his confinement violated the Eighth Amendment).

Under *Kingsley's* objective test, Ah Cheung "must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35 (citing *Castro*, 833 F.3d at 1071 ). Ah Cheung fails to allege facts showing that Estabillio or Sequeira made an intentional decision not to post a sign or "recklessly failed to act with reasonable care to mitigate the risk" of the puddle, even if they "knew, or should have known," that the puddle might pose a risk. Their conduct as alleged cannot be deemed intentional or recklessly indifferent and the risk of slipping in a puddle was not an excessive risk to inmate health and safety. Ah Cheung also fails to allege any exacerbating conditions that elevate this simple negligence claim to a constitutional violation.

Ah Cheung's claims in Counts I and II are insufficient to establish deliberate indifference under the Constitution. Ah Cheung has been given the opportunity to amend these claims and is unable to do so, making clear that further leave to

11

amend is futile. Counts I and II as alleged against Warden Sequeira and ACO Estabillio are DISMISSED with prejudice.

### C. Count III: Claims Against Dr. Banner

The FAC contains considerably less detail regarding the medical care that Ah Cheung received after his fall than did the original Complaint. Ah Cheung now substitutes Richard Banner, M.D., as Defendant, and no longer names Dr. Frauens, but he fails to explain Dr. Banner's role in his medical care.

In the original Complaint, Ah Cheung said he reported his injury on January 7, 2017, and was taken to Straub Medical Center for evaluation. Compl., ECF No. 1, PageID #7. He returned to OCCC that day and was seen by Dr. Frauens, an orthopedic surgeon. *Id.* Dr. Frauens immobilized Ah Cheung's left shoulder and recommended that he begin "ROM" (range of motion) exercises in two to three weeks. *Id.* Less than one week later, Ah Cheung requested surgery. Dr. Frauens opined that surgery was unnecessary, but sent Ah Cheung to Dr. Weldon for a second opinion, although the date he saw Dr. Weldon is not evident. *See* FAC, ECF No. 9, PageID #46. Dr. Weldon recommended surgery, which Ah Cheung received on February 22, 2017; he had a second surgery on May 17, 2017. *See id.*

These facts do not support a claim that Dr. Banner, Dr. Frauens, or any other prison official or medical provider was deliberately indifferent to Ah Cheung's

12

serious medical need. Ah Cheung was seen immediately after reporting his injury, taken to a hospital for examination, released and returned to the OCCC medical unit, where his arm was immobilized and he was prescribed pain relievers and exercises to be done for two to three weeks. Although Dr. Frauens disagreed that surgery was necessary, he sent Ah Cheung for a second opinion. Ah Cheung received surgery within one month after seeing Dr. Weldon, and a second surgery in May 2017. The FAC is devoid of facts regarding what Dr. Banner did or failed to do that violated Ah Cheung's right to adequate and timely medical care. Ah Cheung's statement of facts does not otherwise support a claim of deliberate indifference or reckless disregard for medical care.

Count III is DISMISSED with leave to amend so that Ah Cheung can explain what actions Dr. Banner took or failed to take regarding the medical care he received at OCCC after his injury.

**D.     Count IV: Claims Against Unnamed Sheriff Deputy Agna**

In Count IV, Ah Cheung alleges that when he arrived at the state circuit court on May 30, 2017, Deputy Agna asked why his arm was in a sling and then slapped his shoulder, showing "no interest or sympathy" for Ah Cheung's injury. FAC, ECF No. 9, PageID #49. Ah Cheung alleges this caused him pain and further physical injury.

13

Ah Cheung may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 653 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Ah Cheung may bring a claim against multiple defendants if (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Count IV as alleged against Deputy Agna is improperly joined with Ah Cheung's other claims, even if Deputy Agna was properly named in the FAC. It does not arise out of his slip and fall accident at OCCC or the alleged delay in surgery thereafter. This claim is DISMISSED without prejudice to Ah Cheung raising it in another action. He may not reallege this claim in this action.

### IV. **28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 ("PLRA") restricts prisoners' ability to proceed in forma pauperis ("IFP") when filing certain federal lawsuits.

14

Title 28, United States Code § 1915(g) provides a "three-strikes" rule that bars prisoners from proceeding IFP if they have accrued "three strikes" under the statute:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Ah Cheung is notified that if he again fails to adequately amend his claim regarding the delay of medical care, he will likely incur a strike.

## V. CONCLUSION

(1) The First Amended Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Specifically, claims in (1) Counts I and II alleged against OCCC Warden Francis Sequeira and ACO John Estabillio are DISMISSED with prejudice; (2) Count III as alleged against Dr. Richard Banner are DISMISSED with leave to amend; and (3) Count IV are DISMISSED without prejudice but without leave to reallege these claims in this action.

(2) Ah Cheung is DIRECTED to file an amended complaint on or before September 8, 2017 that cures the deficiencies in Count III as discussed above. Ah

15

Cheung must submit the amended complaint on a prisoner complaint form. *See* Local Rule LR99.7.10. Failure to timely and adequately amend and cure the noted deficiencies will result in the DISMISSAL of this action pursuant to 28 U.S.C. §§ 1915(e) (2) and 1915A(b), and may count as a strike under 28 U.S.C. § 1915(g).

(3) The Clerk is DIRECTED to send Ah Cheung a blank prisoner civil rights complaint so that he can comply with the directions of this Order.

IT IS SO ORDERED.

DATED: August 8, 2017 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Vise Ah Cheung, Jr. v. Francis X. Sequeira, et al.*; Civil No. 17-00257 DKW KSC

*Ah Cheung v. State*, 1:17-cv-00257 DKW-KSC; Scrng 2017 (dsm FAC 8A slip & fall)