IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VISE AH CHEUNG JR., #A1029843, ) | CIV. NO. 17-00257 DKW-KSC |
| Plaintiff, ) | DISMISSAL ORDER |
| vs. ) | |
| STATE OF HAWAII, et al., ) | |
| Defendants. ) | |

## **DISMISSAL ORDER**

Plaintiff was released from the Oahu Community Correctional Center on or about July 12, 2017. *See* Pl. Notice, ECF No. 10. After his release, the Court dismissed Plaintiff's First Amended Complaint and directed him to file an amended pleading that cured its deficiencies on or before September 8, 2017. Order, ECF No. 11 (filed August 8, 2017). This Order was sent to Plaintiff's new address.

Because Plaintiff has neither filed an amended complaint nor requested an extension of the deadline, it appears that he is unable to amend his pleadings in a manner that would address their deficiencies and has abandoned this action. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2015).

The Court may dismiss Plaintiff's claims with prejudice for his failure to file an amended complaint that complies with the August 8, 2017 Order to Amend. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 988 (9th Cir. 1999) (holding plaintiff's failure to comply with minute order to file amended complaint gave district court discretion to dismiss case under Fed. R. Civ. P. 41(b)).[1] The Ninth Circuit identifies five factors that a court must consider before dismissing a case:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

The public interest in the expeditious resolution of this litigation, the Court's interest in managing its docket, the noted lack of merit of Plaintiff's claims, and the lack of prejudice to the unserved Defendants strongly weigh in favor of dismissal of this action. Plaintiff has already been afforded an opportunity to amend his claims, following guidance provided by the Court, and was unable to do so. *See* Order Dismissing Complaint, ECF No. 8 (filed June 27, 2017); Am. Comp., ECF

---

[1] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

No. 9.  Alternatives have therefore been provided without success, and the Court declines to provide further opportunities that appear futile.

This action is DISMISSED with prejudice for Plaintiff's failure to amend his pleadings to state a cognizable claim.  *See In re Phenylpropanolamine (PPA) Cases*, 460 F.3d 1217, 1226 (9th Cir. 2006).  This dismissal shall count as a strike under 28 U.S.C. §1915(g), unless it is overturned on appeal.  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).  The Clerk is DIRECTED to enter judgment and terminate this case.

IT IS SO ORDERED.

DATED: September 19, 2017 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

<u>Vise Ah Cheung, Jr. v. State, et al</u>; Civil No. 17-0025701 DKW-KSC; **DISMISSAL ORDER**

*Ah Cheung v. State*, 1:17-cv-00257 DKW-KSC; Dismissal Order; PSA Defc'y & Dsml Ords